ORDER (Granting Dismissal)
MARK BUTTERFIELD, Chief Judge.
FACTS AND PROCEDURAL HISTORY
This case arises out of a challenge to the plaintiffs status as an enrolled member of the Ho-Chunk Nation. Challengers to the plaintiffs enrollment status asserted that she did not possess the requisite blood quantum required under HCN Constitution Art. II § 1(b). Investigating this challenge, the Enrollment Committee ordered DNA analysis of the plaintiff and the purported source of her blood quantum.[1] The analysis revealed that there *253 was less than a 0.002% chance that the alleged source of the plaintiffs blood quantum was related to the plaintiff. Acting on this information, the Enrollment Committee ruled the plaintiff ineligible for membership in the Ho-Chunk Nation and voted to remove her from the Tribal Rolls.
Following this ruling, the plaintiff brought the action at bar, claiming that “there were several errors made during this process [the removal proceedings] in favor of the proponent of my removal and that the decision of the enrollment committee was therefore in error.” Plaintiffs Complaint & f The plaintiff provided little clarification of this claim, only adding that
“the errors .. . include but are not limited to the following: Errors made in sections 1.02 and 1.03 [of the Ho-Chunk Nation Ineligible Tribal Enrollment Resolution]”, Submission of Challenge Errors made in the Conduct of Appea ls Hearing, section 4.06(H)
Errors made in Rules of Evidence, section 4.08
Errors made in Official Notice, section 4.10
Errors made in Timeline for Decision, section 6.03
Errors made in Testing Results, section 6.03

Id.

After receiving the plaintiffs Corn-plaint, the defendants’, by and through their counsel at the Ho-Chunk Nation Department of Justice, filed an Answer and then subsequently a Motion for a More Particular Pleading, seeking a more detailed statement of the Nation’s alleged statutory violations. Before either the Court or the plaintiff could respond to this Motion., defendant’s counsel filed a Motion to Dismiss. Due to the gravity of the proceedings and a change in the plaintiffs representation, the Court granted the plaintiff an additional thirty (30) days in which to respond to the Motion for a More Particular Pleading, and the Motion to Dismiss.[2] The plaintiff filed a More Particular Pleading within the required time, but this document merely recounted the facts of the case, offering no details of the defendants’ alleged illegal behavior. After receiving this document and waiting in vain for a response to the Motion to Dismiss, the defendants filed a Motion for Summary Judgment,[3] renewing, and adding to the arguments made in their earlier Motion to Dismiss.
APPLICABLE LAW

Ho-Chunk Nation Rules of Civil Procedure

Rule 19. Filing and Responding to Motions.
(A) Motion. Motions may be filed by a party with any pleading or at any time after their first pleading has been filed. A copy of all written Motions shall be delivered or mailed to other parties at least five (5) calendar days before the time specified for a hearing on the Motion. A Response to a written Motion must be filed at least one day before the hearing. If no hearing is scheduled, the Response must be filed with the Court and served on the other parties within ten (10) calendar days of the date the Motion was filed. The party filing the Motion must file any Reply within three (3) calendar- days.
*254 Rule 20. Hearings on Motions.
A hearing on a Motion may be held in the discretion of the Court. A party requesting a hearing must (a) schedule the hearing with the Court and (b) deliver or mail notice of the hearing to other parties at least five (5) calendar days prior to the hearing. If the trial is scheduled to begin within the time allowed for a hearing, all responses shall be made by the time scheduled for commencement of the trial. Motions made within fourteen (14) calendar days of trial may be dismissed and costs and fees assessed against the moving party if the Court finds no good cause exists for failing to file the Motion more than fourteen (14) calendar days in advance of the trial.
Constitution of the Ho-Chunk Nation
ARTICLE II—MEMBERSHIP
Section 1. Requirements. The following persons shall be eligible for membership in the Ho-Chunk Nation, provided, that such persons are not enrolled members of any other Indian nation:
(a) All persons of Ho-Chunk blood whose names appeal' or are entitled to appeal' on the official census roll prepared pursuant to the Act of January 18, 1881 (21 Stat. 315), or the Wisconsin Winnebago Annuity Payroll for the year one thousand nine hundred and one (1901); or the Act of January 20, 1910 (36 Stat. 873), or the Act of July 1, 1912 (37 Stat. 187); or
(b) All descendants of persons listed in Section 1(a), provided, that such persons are at least one fourth (1/4) Ho-Chunk blood.
Section 6. Appeals. Any person who has been rejected for enrollment or who has been removed from the tribal roll shall have the right to appeal to the Judiciary for a remedy in equity consistent with this Constitution.
Ineligible Tribal Member Removal Resolution
1.02 Affidavit Requirement
The Office of Tribal Enrollment shall request that the individual making the allegation, the proponent, submit an affidavit to the Off ice of Tribal Enrollment in support of the allegation. The Office of Tribal Enrollment shall also inform the proponent of the requirement that at least two (2) other individuals submit affidavits to the Office of Tribal Enrollment, substantiating the factual contentions within the proponent’s allegation. The proponent and any other individual submitting affidavits, the affiants, must be tribal members.
1.03 Form and Content of Affidavit
The affidavits shall state with particularity the grounds for the allegation, and be signed in the presence of a notary public. Formal rules of evidence shall not serve as a bar to considering any assertions contained within the affidavits.
4.06 Conduct of Appeals Hearing The hearing shall be conducted as follows:
(i) The Enrollment Officer and/or his or her designated staff shall present the evidence in documentary form or through witnesses.
(ii) The affected member shall then be given adequate opportunity to present evidence in documentary form or through witnesses, and confront the affiants.
(iii) The Enrollment Officer or his or her designee or Attorney shall be provided with the opportunity to rebut any evidence presented by the affected member.
4.08 Rules of Evidence
Forinal rules of evidence shall not apply at the hearing, but evidence which is irrelevant, cumulative or which would be unfair or prejudicial may be excluded by the Chairperson or may be admitted by the
*255 Chairperson under special conditions or stipulations. Basic rules of relevancy, materiality and probative force shall be used by the Chairperson as a guide to admissibility.
4.10 Official Notice
The Committee on Tribal Enrollment may take official notice of generally recognized facts or any established technical or scientific facts provided that it informs the Office of Tribal Enrollment, the affected member and the affiants of such matters and provides them with the opportunity to rebut any fact officially noticed.
5.01 Timeline for Decision
The Committee on Tribal Enrollment shall deliver a decision at the hearing after the conclusion of the proceedings, and subsequently mail/deliver a written copy of the decision to the Office of Tribal Enrollment, the affected member and the affi-ants within two (2) days of the hearing.
6.03 Testing Results
The DNA analysis results shall be delivered upon completion to the Committee on Tribal Enrollment from the independent testing laboratory. The Committee on Tribal Enrollment shall render a decision by majority vote in accordance with Section 5.02 based on the results within ten (10) days after receipt. The Committee on Tribal Enrollment shall mail/deliver a written copy of the decision to the Office of Tribal Enrollment, the affected member and the affiants within two (2) days of the decision. Such decision shall be deemed final for purposes of judicial review.
DECISION
The defendant’s Motion to Dismiss is based on an assertion that the plaintiff lacks standing to sue. This argument is intertwined with the defendant’s Mot ion for Summary Judgment claim that the case should be dismissed due to the plaintiffs failure to state a cause of action upon which relief can be granted. The claims are intertwined because plaintiff’s standing argument is premised on grounds of redressability;[4] if the plaintiff’s claim cannot be redressed by the Court, then they state no cause of action upon which relief can be granted. These charges (that the plaintiff lacks standing and fails to state a claim upon which relief can be granted) are erroneous in fact and contradicted by law.
The defendants’ claims are erroneous in fact because their perspective is that the only relief sought by the plaintiff is an order for re-enrollment, and that due to the blood quantum requirement of the Constitution,[5] this relief is unavailable. This view is mistaken, however, in that one of plaintiffs claims is based on the Ineligible Tribal Member Removal Procedures, Section 6.03 Testing Results, and that the Court could order a re-testing of the relevant parties without violating the Constitution.
The defendants’ claim is erroneous in law because the HCN Constitution clearly confers standing on the plaintiff through Article 2, Section 6, which states that “[a]ny person who has been rejected for enrollment or who has been removed from the Membership Roll shall have the light to appeal to the Judiciary for a remedy in equity consistent with this Constitution.” HCN Const. Art II, § 6 (emphasis added).
*256 In addition to the above arguments, the defendants’ also seek dismissal/summary judgment based on the plaintiffs failure to respond to the Motion to Dismiss. Under HCN Rules of Civ. P, Rule 19, “[a] response to a written Motion must be filed with the Court and served on the other parties within ten (10) calendar days of the date the Motion was filed.” The defendants filed a Motion to Dismiss on March 21, 1999. In a Hearing held on March 31, 1999, the Court granted the plaintiffs Motion for Enlargement of Time, allowing her until April 30, 1999, (an additional thirty (30) days) in which to respond to the Motion to Dismiss.[6] Under HCN Rules of Civl Rule 56, “[a] Motion to Dismiss may be granted [with prejudice] ... if a party substantially fails to comply with these rules.As of the date of this Order, neither the defendants nor the Court has received the plaintiffs response to the Motion to Dismiss. The Court finds that the plaintiffs disregard of the April 30, 1999, response deadline constitutes substantial failure to comply with the HCN Rules of Civ. P., and therefore ORDERS that the plaintiffs claim be DISMISSED.
All parties have the right to appeal a final judgement or order of the Trial Court. If either party is dissatisfied with the decision rendered by this Court, they may file a Notice of Appeal with the Ho-Chunk Supreme Court within thirty (30) calendar days from the date such final judgement or order is rendered and follow all applicable appellate rules of the HCN Supreme Court.

. The Enrollment Committee took this action pursuant to section 5.03(iii) of the Ho-Chunk Nation Ineligible Tribal Enrollment Resolution.

. Under Rule 19(A) of the Ho-Chunk Nation Rules of Civil Procedure, a party is only allowed 10 days to respond to a Motion from an opposing party.

. The defendants filed this motion on June 4, 1999.

. Proof of standing consists of three elements: Injury in fact, causation, and redressabilily. A plaintiff must show all three to possess standing. See Steve B. Funmaker v. JoAnn Jones, el al., CV 97-92 (HCN Tr. Ct., Nov. 26, 1997).

. Article II, section 1 of the Constitution of the Ho-Chunk Nation states that all enrolled tribal members must possess at least one-fourth (¼) Ho-Chunk Blood.

. The Court verbally granted this Motion in the March 31, 1999 hearing. Only later, on April 21, 1999, was the Order set in written form.